**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | |
|---|---|
| Juston John Ashley, ) | |
| ) | Civil Action No.: 0:16-cv-03204-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Andrew Saul, ) | |
| Commissioner of the Social Security ) | |
| Administration,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

On July 14, 2020, Petitioner Sylvia McLeod ("Petitioner") filed a Petition for Attorney's Fees (ECF No. 31) pursuant to 42 U.S.C. § 406(b)(1). H. Jeff McLeod ("Counsel") was the attorney of record in the above-referenced case and Petitioner serves as the personal representative of his estate. (*Id.* at 1.) In the Petition, Petitioner requests reimbursement for representation Counsel provided in the above-referenced case in the amount of $29,978.00. (*Id.* at 2.) The $29,978.00 amounts to 25% of Plaintiff's past due benefits withheld by Defendant. (*Id.*) Defendant filed a response to Petitioner's Petition and does not oppose Petitioner's request. (ECF No. 32 at 1.) Both Petitioner and Defendant agree that if Petitioner is awarded attorney's fees under § 406(b)(1), Petitioner should remit to Plaintiff the attorney's fees Counsel previously received under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (*See* ECF No. 31 at 1, ECF No. 32 at 2.)

Under § 406(b)(1), a district court may award fees to a successful Social Security benefits claimant's lawyer for his representation before the court. ("Whenever a court renders a judgment

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew Saul is substituted for Nancy Berryhill as the named defendant because he became Commissioner of the Social Security Administration on June 17, 2019.

1

favorable to a claimant … who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"). In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court clarified the legal framework to be used for awarding attorney's fees under § 406(b)(1) for the successful in-court representation of a claimant who signed a contingent-fee agreement. It held that when the contingency fee agreement and requested fee do not exceed 25% of the past-due benefits, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. The Court did not provide a definitive list of factors to be considered because it recognized that the "[j]udges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts." *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (citing *Gisbrecht*, 535 U.S. at 808). Nevertheless, it noted that a reduction in the contingent fee may be appropriate when (1) the fee is out of line with the character of the representation and the results achieved; (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court; or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case. *Id.* (citing *Gisbrecht*, 535 U.S. at 807).

After reviewing Petitioner's Petition and Plaintiff's First Motion for Attorney Fees (ECF No. 20), the court concludes that Petitioner's request for attorney's fees is reasonable. Counsel successfully represented Plaintiff before the court, there is no evidence of substandard attorney services, and the amount of the award is not extraordinarily large in comparison to the amount of time Counsel spent on the case. (*See* ECF No. 20.) Therefore, the court orders Defendant to certify and release the remaining $29,978.00 of the past-due benefits to Petitioner.

Petitioner previously received fees under the EAJA in the amount of $6,000.00.  (*See* ECF No. 24, ECF No. 31.)  When fees are awarded under both the EAJA and § 406(b)(1), the claimant's attorney must refund to the claimant the amount of the smaller fee.  *See Gisbrecht*, 535 U.S. at 807.  Therefore, the court orders Petitioner to refund these funds to Plaintiff in full.

The court **GRANTS** Petitioner's Petition for Attorney's Fees (ECF No. 31).  The court awards Petitioner $29,978.00 in attorney's fees under § 406(b)(1) and orders Petitioner to remit to Plaintiff the fee previously awarded under the EAJA in the amount of $6,000 immediately after receipt of the fees collected under § 406(b)(1).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 29, 2020
Columbia, South Carolina

3